IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| GEORGE SOSA and § | | |
| MIDLAND MAJESTIC, LLC § | | |
| *Plaintiffs,* § | | |
| § | | |
| v. § | CIVIL ACTION NO. 7:25-cv-00383 | |
| § | | |
| SCOTTSDALE INSURANCE COMPANY § | | |
| *Defendant.* § | | |

## NOTICE OF REMOVAL

Defendant Scottsdale Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *George Sosa and Midland Majestic, LLC v. Scottsdale Insurance Company*; Cause No. DCC-25-01525; In the County Court at Law No. 2 of Midland County, Texas.

### I.
### BACKGROUND

1. Plaintiffs George Sosa and Midland Majestic, LLC (hereinafter "Plaintiffs") initiated the present action by filing their Original Petition in Cause No. DCC-25-01525; In the County Court at Law No. 2 of Midland County, Texas on August 4, 2025 (the "State Court Action"). *See* Plaintiffs' Original Petition with Citation, attached as **Exhibit A**.

2. Defendant appeared and answered on August 28, 2025, asserting a general denial to the claims and allegations made in Plaintiffs' Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

3. Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**. A full copy of the state

court file has been requested and will be filed upon receipt. The State Court Action docket sheet is attached as **Exhibit B.**

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiffs through their attorney of record, and to the clerk of the County Court at Law No. 2 of Midland County, Texas.

5. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiffs' Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.   Diversity of Parties**

7. Plaintiff George Sosa has pled that he resides in Midland County, Texas. *See* **Exhibit A**, Plaintiffs' Original Petition with Citation, at ¶ III Parties and Service Instructions. Plaintiff George Sosa resides in Texas and has the requisite intent to establish Texas as his present and future domicile. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff George Sosa is a citizen of the State of Texas.

8. Plaintiff Midland Majestic, LLC is a Texas limited liability company. Based on a diligent search of publicly available information, the sole members of Midland Majestic, LLC are George Sosa of Midland, Texas and Royce Boyce of Midland, Texas. After a diligent search of

publicly available information, George Sosa and Royce Boyce are each individuals residing in Texas who have the requisite intent to establish Texas as their respective present and future domicile. No other members of Midland Majestic, LLC were discovered through a diligent search and review of publicly available records and Defendant has no reason to believe that any members share the citizenship of Defendant. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff Midland Majestic, LLC is a citizen of the State of Texas.

9. Defendant Scottsdale Insurance Company is a corporation organized under the laws of Ohio and maintains its principal place of business in Arizona. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Scottsdale is a citizen of the States of Ohio and Arizona.

10. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.  Amount in Controversy**

11. The amount in controversy in this case exceeds $75,000 rendering removal under 28 U.S.C. § 1332 proper. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013). Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount. *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

12. Here, Plaintiffs seek "monetary relief of $250,000 or less." **Exhibit A**, Plaintiffs' Original Petition with Citation, at ¶ II Statement of Relief. However, Plaintiffs have also pled that "Plaintiffs sustained damages in the amount of $48,000" and that they seek actual damages under the insurance policy in that amounts. *Id.* at ¶ IX Attorney's Fees. Furthermore, Plaintiffs

have alleged that Defendant's conduct was wrongful and done knowingly, entitling them to a "three times the amount of his damages" under Texas Insurance Code Chapter 541. *See* **Exhibit A, ¶** VII DTPA Claim and Texas Insurance Code Violation; Tex. Ins. Code sections 541.002 & 541.152. Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998). Therefore the amount in controversy meets the jurisdictional requirements of 28 U.S.C. § 1332 based on the sum demanded in good faith in the initial pleading.

13. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

## III.
## CONCLUSION

14. Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

15. WHEREFORE, Defendant Scottsdale Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Ave., Ste. 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT
SCOTTSDALE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF and Certified Mail this the 28th day of August, 2025 to:

| | |
|---|---|
| Michael B. McKinney<br>McKinney & Tighe L.L.P.<br>24 Smith Road<br>Suite 505, Tgaar Tower<br>Midland, TX 79705<br>mbmckinney@mckinneytighe.com | *#9414 7266 9904 2249 2429 56* |

*/s/ Patrick M. Kemp*
Patrick M. Kemp

5